IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOEY JONES, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:16-CV-60-CAR-CHW |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Warden WALTER BERRY, *et al.*, | : | |
| Defendants. | : | |

## ORDER ON UNITED STATES MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 20] to allow Plaintiff's claims against Defendants Bryson, Berry, Thomas, and Ulrich to go forward; and to dismiss Plaintiffs' claims against Defendants the State of Georgia, the Department of Corrections, and Augusta State Medical Prison pursuant to 28 U.S.C. § 1915A(b)(1) and§ 1915(e)(2)(B)(ii). Defendants filed an Objection [Doc. 30] to the Magistrate Judge's Recommendation to allow Plaintiff's claims against Defendant Ulrich to go forward. The Court has fully considered the record in this case and investigated *de novo* those portions of the Order and Recommendation to which Defendants object. This Court agrees with the findings and conclusions of the Order and Recommendation, and thus, it [Doc. 20] is **ADOPTED AND MADE THE ORDER OF THE COURT**.

1

On May 17, 2016, this Court dismissed all of Plaintiff's claims without prejudice, except for his claims against Dr. Ulrich, which the Court transferred to the Southern District of Georgia. The Southern District docketed those claims the same day. Approximately two weeks later, on June 3, 2016, Plaintiff filed a Motion to Amend in this Court, which the Court granted. On October 11, 2016, Plaintiff filed an Amended Complaint, which re-included his claims against Dr. Ulrich. The Court directed the Clerk to docket his Amended Complaint as if it had been filed June 3, 2016, the date of Plaintiff's Motion to Amend. The Southern District dismissed Plaintiff's claims against Dr. Ulrich in that court on November 15, 2016.

In their Objection, Defendants argue that the claims against Dr. Ulrich cannot go forward because when Plaintiff filed his Amended Complaint in this Court, the claims were still pending in the Southern District; thus this Court lacked jurisdiction over those claims. However, as Defendants' concede in their objection, because the Southern District dismissed Plaintiff's claims against Dr. Ulrich without prejudice, Plaintiff is not precluded from refiling those claims in this Court. In order to conserve judicial time and resources, the Court will not require Plaintiff to refile his Amended Complaint.

Moreover, the Court can find no case law preventing the Court from exercising jurisdiction over the claims against Dr. Ulrich, once Plaintiff refiled his Amended Complaint in this Court. The Eleventh Circuit has stated that

> [p]rinciples of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one court must

yield its jurisdiction to the other, unless one court has exclusive jurisdiction over a portion of the subject matter in dispute. Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case. Otherwise, the fractioned dispute would have to be resolved in two courts.[1]

Here, there is no need for this Court to yield jurisdiction to the Southern District, as the claims there have been dismissed. Similarly, there is no res judicata issue.

For the reasons set forth above, the Order and Recommendation [Doc. 20] is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Thus, Plaintiff's claim against Defendants the State of Georgia, the Department of Corrections, and Augusta State Medical Prison are **DISMISSED**; and his claims against Defendants Ulrich, Bryson, Berry, and Thomas may **go forward**.

**SO ORDERED,** this 1st day of November, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[1] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982)